# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | |
|---|---|
| QUICKVAULT, INC., | C.A. No. 1:24-cv-00864-DII |
| Plaintiff, | |
| v. | **JURY TRIAL DEMANDED** |
| BROADCOM INC., | |
| Defendant. | |

## DEFENDANT BROADCOM INC.'S OPPOSED MOTION TO DISMISS

# TABLE OF CONTENTS

I.   INTRODUCTION AND SUMMARY OF THE ARGUMENT ............................................. 1

II.  STATEMENT OF RELEVANT FACTS ......................................................................... 2

     A.   QuickVault's Venue Allegations ........................................................................ 2

     B.   QuickVault's Direct Infringement Allegations .................................................. 3

     C.   QuickVault's Indirect Infringement Allegations ............................................... 3

III.  LEGAL STANDARDS ................................................................................................. 3

     A.   Venue in Patent Cases ....................................................................................... 3

     B.   Service of Process Under Rule 4 ........................................................................ 5

     C.   Failure to State a Claim Under Rule 12(b)(6) .................................................... 5

     D.   Pleading Direct Infringement ............................................................................ 6

     E.   Pleading Induced Infringement ......................................................................... 6

IV.  ARGUMENT ............................................................................................................... 8

     A.   Venue Is Improper in the Western District of Texas for Broadcom Inc. ......................... 8

     B.   Insufficient Service of Process on Broadcom Inc. ............................................ 14

     C.   QuickVault's Direct Infringement Claims Should be Dismissed. ................................. 16

     D.   QuickVault's Pre-Suit Indirect Infringement Claims Should be Dismissed ................. 16

V.   CONCLUSION ......................................................................................................... 17

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Adm'rs of Tulane Educ. Fund v. Ipsen, S.A.*,
     450 F. App'x 326 (5th Cir. 2011) ...........................................................................10

*Ambraco, Inc. v. Bossclip B.V.*,
     570 F.3d 233 (5th Cir. 2009) ...............................................................................4, 9

*Andra Grp., LP v. Victoria's Secret Stores*,
     L.L.C., 6 F.4th 1283 (Fed. Cir. 2021)...................................................8, 9, 11, 14

*Ashcroft v. Iqbal*,
     556 U.S. 662 (2009)...................................................................................................6

*B/E Aerospace, Inc. v. Zodiac Aerospace*,
     No. 2:16-CV-01417-JRG-RSP, 2018 WL 7140299 (E.D. Tex. Nov. 30, 2018) ..............12, 13

*Bd. of Regents v. Medtronic PLC*,
     No. A-17-CV-0942-LY, 2018 WL 4179080 (W.D. Tex. July 19, 2018)
     ......................................................................................................10, 11, 12, 13

*Bell Atl. Corp. v. Twombly*,
     550 U.S. 544 (2007)...................................................................................................6

*BillJCo, LLC v. Apple Inc.*,
     583 F. Supp. 3d 769 (W.D. Tex. 2022).....................................................................7

*Blue Spike, LLC v. ASUS Comput. Int'l, Inc.*,
     No. 6:16-CV-1384-RWS-KNM, 2018 WL 3301705 (E.D. Tex. Feb. 20, 2018) ...................15

*BMC Resources, Inc. v. Paymentech, L.P.*,
     498 F.3d 1373 (Fed. Cir. 2007).................................................................................16

*Bowlby v. City of Aberdeen, Miss.*,
     681 F.3d 215 (5th Cir. 2012) .....................................................................................5

*Cannon Manufacturing Co. v. Cudahy Packing Co.*,
     267 U.S. 333 (1925)..................................................................................................13

*Carter v. EZ Flo Int'l*,
     No. 6:22-CV-00094-JDK, 2022 WL 17541407 (E.D. Tex. Sept. 2, 2022) ...................5

*Celgene Corp. v. Mylan Pharms. Inc.*,
     17 F.4th 1111 (Fed. Cir. 2021) ............................................................................9, 13

*Commil USA, LLC v. Cisco Sys., Inc.*,
  575 U.S. 632 (2015)..........................................................................................6, 7, 16

*Corydoras Techs., LLC v. Apple Inc.*,
  No. 2:16-CV-00538-JRG, 2016 WL 9242435 (E.D. Tex. Nov. 23, 2016).........................7, 16

*In re Cray Inc.*,
  871 F.3d 1355 (Fed. Cir. 2017)...............................................................................4, 8, 9

*Delta Elecs., Inc. v. Vicor Corp.*,
  No. WA-23-CV-00726-KC, 2024 WL 1200328 (W.D. Tex. Mar. 20, 2024) ..........................4

*Doe v. Univ. of Tex. M.D. Anderson Cancer Ctr.*,
  653 F. Supp. 3d 359 (S.D. Tex. 2023) .................................................................................6

*EMED Techs. Corp. v. Repro-Med Sys., Inc.*,
  No. 2:17-CV-728-WCB-RSP, 2018 WL 2544564 (E.D. Tex. June 4, 2018)...........................9

*Flypsi, Inc. v. Google LLC*,
  No. 6:22-CV-0031-ADA, 2022 WL 3593053 (W.D. Tex. Aug. 22, 2022)........................8, 17

*Godo Kaisha IP Bridge 1 v. Broadcom Ltd.*,
  No. 2:16-CV-0134-JRG-RSP, 2017 WL 970383 (E.D. Tex. Mar. 1, 2017) ...........................6

*Intirion Corp. v. Coll. Prod.*,
  669 F. Supp. 3d 650 (W.D. Tex. 2023).........................................................................3, 4, 8

*Jackson v. Tanfoglio Giuseppe, S.R.L.*,
  615 F.3d 579 (5th Cir. 2010) ..............................................................................................13

*Joy Technologies, Inc. v. Flakt, Inc.*,
  6 F.3d 770 (Fed. Cir. 1993)..................................................................................................16

*Koss Corp. v. Bose Corp.*,
  No. 6-20-CV-00661-ADA, 2021 WL 7541417 (W.D. Tex. June 22, 2021) ............................8

*Kreimerman v. Casa Veerkamp, S.A. de C.V.*,
  22 F.3d 634 (5th Cir. 1994) ...........................................................................................5, 16

*Lawson v. GEICO*,
  No. 5:15-CV-481, 2015 WL 6161247 (W.D. Tex. Oct. 19, 2015)...........................................5

*Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*,
  594 F.3d 383 (5th Cir. 2010) .................................................................................................6

*Luminati Networks Ltd. v. UAB Tesonet*,
  No. 2:18-CV-00299-JRG, 2019 WL 8331455 (E.D. Tex. Aug. 23, 2019)...............................5

*Macrosolve, Inc. v. Antenna Software, Inc.*,
    No. 6:11-CV-287, 2012 WL 12903085 (E.D. Tex. Mar. 16, 2012) ........................................15

*MDSave, Inc. v. Sesame, Inc.*,
    No. 6:21-CV-01338-ADA, 2023 WL 353998 (W.D. Tex. Jan. 11, 2023) ...............................8

*Nat'l Steel Car Ltd. v. Greenbrier Cos., Inc.*,
    No. 6:19-CV-00721-ADA, 2020 WL 4289388 (W.D. Tex. July 27, 2020) ..........................10

*Neonode Smartphone LLC v. Samsung Elecs. Co.*,
    Nos. 6:20-CV-00507-ADA, 6:23-CV-00204-ADA, 2023 WL 5426743 (W.D.
    Tex. June 27, 2023) ...................................................................................................7, 17

*Network Sys. Techs., LLC v. Qualcomm Inc.*,
    No. 1:22-CV-01331, 2023 WL 11833572 (W.D. Tex. July 21, 2023) ....................................7

*Optic153 LLC v. Thorlabs Inc.*,
    No. 6:19-CV-00667-ADA, 2020 WL 3403076 (W.D. Tex. June 19, 2020) ..............10, 12, 13

*Sightline Payments, LLC v. Everi Holdings Inc.*,
    No. 6:21-CV-01015-ADA, 2022 WL 2078215 (W.D. Tex. June 1, 2022) .................... *passim*

*Soverain IP, LLC v. AT&T, Inc.*,
    No. 2:17-CV-00293-RWS-RSP, 2017 WL 5126158 (E.D. Tex. Oct. 31, 2017)
    ...................................................................................................................10, 11, 13, 14

*TC Heartland LLC v. Kraft Foods Group Brands LLC*,
    581 U.S. 258 (2017)...........................................................................................................4

*Tierra Intellectual Borinquen, Inc. v. ASUS Comput. Int'l, Inc.*,
    No. 2:13-CV-44-JRG, 2014 WL 1233040 (E.D. Tex. Mar. 24, 2014)....................................7

*In re ZTE (USA), Inc.*,
    890 F.3d 1008 (Fed. Cir. 2018)..........................................................................................3

**Statutes**

28 U.S.C. § 1400(b) ...............................................................................................................4, 8, 14

35 U.S.C. § 271.........................................................................................................................3, 16

Defendant Broadcom Inc. ("Broadcom") respectfully moves the Court to dismiss Plaintiff QuickVault, Inc.'s ("QuickVault") Complaint (Dkt. 1) for both improper venue under Fed. R. Civ. P. 12(b)(3) and insufficient service of process under Fed. R. Civ. P. 12(b)(5). Additionally, pursuant to Fed. R. Civ. P. 12(b)(6), Broadcom respectfully moves the Court for an order dismissing QuickVault's claims of direct infringement and pre-suit indirect infringement for failure to state a claim upon which relief may be granted.

## I.    INTRODUCTION AND SUMMARY OF THE ARGUMENT

In the present case, QuickVault alleges that Broadcom infringes five different U.S. patents: U.S. Patent Nos. 9,565,200 (the "'200 patent"); 9,961,092 (the "'092 patent"); 10,999,300 (the "'300 patent"); 11,637,840 (the "'840 patent"); 11,895,125 (the "'125 patent"); 11,880,437 (the "'437 patent"); and 11,568,029 (the "'029 patent") (collectively, the "Asserted Patents"). But QuickVault's claims in this Court against Broadcom have no legally sufficient procedural or factual bases.

Broadcom is incorporated in Delaware with its principal place of business in California. Broadcom is not registered nor licensed to do business in Texas and, relatedly, does not have any registered agent in Texas. And Broadcom does not have any established place of business in Texas—let alone in this District. Pursuant to the unique patent venue statute, venue in this District is thus improper with respect to Broadcom. QuickVault's cursory allegation otherwise is incorrectly based on the place of business of a ***subsidiary*** of Broadcom. But as this Court and others have recognized, it is generally improper to treat the place of business of a subsidiary as the place of the business of the corporate parent for the purposes of the patent venue statute. And QuickVault's service of the Complaint on the registered agent of a ***subsidiary*** of Broadcom—as opposed to Broadcom itself—is legally insufficient for the same reason.

QuickVault's claims of direct infringement by Broadcom also fail as a matter of law and must be dismissed. Broadcom is a holding company, which serves as a direct and indirect parent company for its subsidiaries. As a holding company, Broadcom does not itself manufacture, sell, offer for sale, export, import, or otherwise distribute any Broadcom products—and thus necessarily cannot directly infringe any Asserted Patent. Further, QuickVault's claims of at least pre-suit indirect infringement also must be dismissed, at a minimum, because QuickVault's Complaint does not sufficiently allege pre-suit knowledge by Broadcom of any of the Asserted Patents—a threshold requirement for indirect infringement.

## II.   STATEMENT OF RELEVANT FACTS

### A.   QuickVault's Venue Allegations

In its Complaint, QuickVault alleges, in boilerplate fashion, that "Broadcom resides in this District, has a regular and established place of business in this District, and has committed acts of infringement within this District." Dkt. 1, ¶14. QuickVault specifically alleges that "Broadcom has an office complex located at 6500 River Place Boulevard, Austin, Texas 78730, which on information and belief, has roughly 1800 employees." Dkt. 1, ¶14.

But, in fact, Broadcom Inc.—a Delaware corporation—is *not* registered to do business in Texas, does *not* have any regular and established place of business in Texas, and does *not* have any registered agent in Texas. Declaration of Ryan D. Phillips ("Phillips Decl."), ¶¶3–4. Indeed, the public records of the State of Texas demonstrate that Broadcom Inc. is located in California, has no right to transact business in Texas, and has no registered agent in Texas. Ex. A. Moreover, it is, in fact, a *different entity*, VMware LLC—a subsidiary of Broadcom Inc. that maintains is own independent structure separate from Broadcom Inc.—that has a place of business at 6500 River Place Boulevard, Austin, Texas 78730. Phillips Decl., ¶¶2, 5; Ex. B.

### B. QuickVault's Direct Infringement Allegations

In its Complaint, QuickVault alleges that "Broadcom has directly infringed and continues to directly infringe" one or more claims of each Asserted Patent "by making, using, selling, offering to sell, and/or importing [Symantec Enterprise Cloud or Symantec VIP] within the United States." Dkt. 1, ¶¶30, 40, 50, 60, 70, 80, 90. But, in fact, Broadcom—a holding company—does not make, use, offer to sell or sell, or import into the United States any Broadcom (or Symantec) product or technology. Phillips Decl., ¶2.

### C. QuickVault's Indirect Infringement Allegations

In its Complaint, QuickVault further alleges "Broadcom actively induces infringement" of each Asserted Patent "by its customers to whom it provides [Symantec Enterprise Cloud or Symantec VIP] under 35 U.S.C. § 271(b). Dkt. 1, ¶¶35, 45, 55, 65, 75, 85, 95. In support of these indirect infringement claims, QuickVault's Complaint alleges "Broadcom has had knowledge of [each Asserted Patent], its infringement of [each Asserted Patent], and of its customers' infringement of [each Asserted Patent] at least *as of the service and filing of this Complaint*." Dkt. 1, ¶¶36, 46, 56, 66, 76, 86, 96 (emphasis added). QuickVault's Complaint is devoid of any allegation that Broadcom had both knowledge of any Asserted Patent and infringement thereof *prior to* the filing of the Complaint, however. *See generally* Dkt. 1.

## III. LEGAL STANDARDS

### A. Venue in Patent Cases

"Federal Rule of Civil Procedure 12(b)(3) allows a party to move to dismiss an action for 'improper venue.'" *Intirion Corp. v. Coll. Prod.*, 669 F. Supp. 3d 650, 653 (W.D. Tex. 2023) (quoting Fed. R. Civ. P. 12(b)(3)). "[U]pon motion by the [d]efendant challenging venue in a patent case, the [p]laintiff bears the burden of establishing proper venue." *In re ZTE (USA), Inc.*, 890 F.3d 1008, 1013 (Fed. Cir. 2018); *accord Intirion*, 669 F. Supp. 3d at 653. "Plaintiff may

3

carry its burden by establishing facts that, if taken to be true, establish proper venue." *Intirion*, 669 F. Supp. 3d at 653. "On a Rule 12(b)(3) motion to dismiss for improper venue, the court must accept as true all allegations in the complaint" (*id.*)—"unless they are contradicted by defendant's affidavits" or other evidence of record. *Delta Elecs., Inc. v. Vicor Corp.*, No. WA-23-CV-00726-KC, 2024 WL 1200328, at *3 (W.D. Tex. Mar. 20, 2024). Indeed, the Fifth Circuit has made clear that, "under [] Rule 12(b)(3), the court is permitted to look at evidence in the record beyond simply those facts alleged in the complaint." *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009).

Whether venue is proper in this case is governed by 28 U.S.C. § 1400(b), the "sole and exclusive provision controlling venue in patent infringement actions." *TC Heartland LLC v. Kraft Foods Group Brands LLC*, 581 U.S. 258, 266 (2017). Under § 1400(b), a patent infringement case may only be brought in "[1] the judicial district where the defendant resides, or [2] where the defendant has committed acts of infringement and has a regular and established place of business." *Intirion*, 669 F. Supp. 3d at 653 (quoting 28 U.S.C. § 1400(b)). Under the first prong of § 1400(b), a domestic corporation "resides" only in its state of incorporation. *TC Heartland*, 581 U.S. at 265. As to the second prong, the Federal Circuit has interpreted the "regular and established place of business" inquiry to impose three general requirements: "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017). "Failure to satisfy any statutory requirement requires a finding of improper venue." *Sightline Payments, LLC v. Everi Holdings Inc.*, No. 6:21-CV-01015-ADA, 2022 WL 2078215, at *2 (W.D. Tex. June 1, 2022).

**B.  Service of Process Under Rule 4**

"In order for a court to exercise jurisdiction over a defendant, a plaintiff must serve that defendant with process according to Rule 4 of the Federal Rules of Civil Procedure." *Luminati Networks Ltd. v. UAB Tesonet*, No. 2:18-CV-00299-JRG, 2019 WL 8331455, at *2 (E.D. Tex. Aug. 23, 2019). "If a plaintiff fails to provide the defendant with the requisite service, the defendant can move to dismiss the case for insufficient service of process under [] Rule 12(b)(5)." *Id.*; *see Lawson v. GEICO*, No. 5:15-CV-481, 2015 WL 6161247, at *1 (W.D. Tex. Oct. 19, 2015) ("Under Federal Rule of Civil Procedure 12(b)(5), a district court may dismiss a case for insufficient service of process."). "In order to avoid dismissal once service is challenged, the plaintiff bears the burden of showing that service was valid." *Luminati*, 2019 WL 8331455, at *2 "The court, in making a determination on the validity of service 'must look outside the complaint to determine what steps, if any, the plaintiff took to effect service.'" *Carter v. EZ Flo Int'l*, No. 6:22-CV-00094-JDK, 2022 WL 17541407, at *6 (E.D. Tex. Sept. 2, 2022), *report and recommendation adopted*, 2022 WL 17091857 (E.D. Tex. Nov. 21, 2022). And overall, a district court has "broad discretion to dismiss an action for ineffective service of process." *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 645 (5th Cir. 1994).

**C.  Failure to State a Claim Under Rule 12(b)(6)**

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows dismissal where a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the Court must "accept[] all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bowlby v. City of Aberdeen, Miss.*, 681 F.3d 215, 219 (5th Cir. 2012) (citation omitted). But, "[i]f the plaintiff's allegations are contradicted by facts disclosed by a document attached to the complaint or by facts disclosed by a document attached to the motion to dismiss that is central to the claim and

referenced by the complaint, then the plaintiff's contradicted allegations are not accepted as true." *Doe v. Univ. of Tex. M.D. Anderson Cancer Ctr.*, 653 F. Supp. 3d 359, 370 (S.D. Tex. 2023) (citing *Carter v. Target Corp.*, 541 F. App'x 413, 417 (5th Cir. 2013)); *see Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint").

Dismissal under Rule 12(b)(6) is appropriate if a complaint does not contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This plausibility standard obligates a plaintiff to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Instead, the pleadings must provide sufficient factual allegations to allow the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. If they do not, the claim should be dismissed. *Id.*

### D. Pleading Direct Infringement

"To state a claim for direct patent infringement, a plaintiff must plead facts that plausibly support the assertion that a defendant 'without authority makes, uses, offers to sell, or sells any patented invention, within the [U.S.] or imports into the [U.S.] any patented invention during the term of the patent.'" *Godo Kaisha IP Bridge 1 v. Broadcom Ltd.*, No. 2:16-CV-0134-JRG-RSP, 2017 WL 970383, at *4 (E.D. Tex. Mar. 1, 2017) (quoting 35 U.S.C. § 271(a)), *report and recommendation adopted*, 2017 WL 1154921 (E.D. Tex. Mar. 28, 2017).

### E. Pleading Induced Infringement

"[I]nduced infringement … requires knowledge of the patent in suit and knowledge of patent infringement." *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 639 (2015). As such,

"liability for inducing infringement attaches only if the defendant knew of the patent and that 'the induced acts constitute patent infringement.'" *Id.* Put another way, a defendant "cannot be held liable for induced infringement for conduct occurring prior to its knowledge of the patents-in-suit." *Tierra Intellectual Borinquen, Inc. v. ASUS Comput. Int'l, Inc.*, No. 2:13-CV-44-JRG, 2014 WL 1233040, at *2 (E.D. Tex. Mar. 24, 2014); *accord Corydoras Techs., LLC v. Apple Inc.*, No. 2:16-CV-00538-JRG, 2016 WL 9242435, at *2 (E.D. Tex. Nov. 23, 2016) ("[A] patentee cannot recover on claims of indirect infringement for acts occurring prior to the accused infringer having knowledge of the asserted patents.").

Accordingly, to sufficiently plead a claim for induced infringement, "[s]ome courts say a plaintiff must allege pre-suit knowledge of the patent-in-suit and thus knowledge gained from the filing of the complaint is insufficient and irrelevant." *Network Sys. Techs., LLC v. Qualcomm Inc.*, No. 1:22-CV-01331, 2023 WL 11833572, at *5 (W.D. Tex. July 21, 2023). "Other courts, by contrast, find the knowledge requirement fulfilled when a defendant receives notice of a lawsuit via the complaint and continues its allegedly infringing conduct." *Id.* "Most Fifth Circuit courts seem to take the latter approach, effectively bifurcating claims of indirect infringement into pre-suit and post-suit conduct." *Id.* (listing cases).

But, under either approach, where a plaintiff's allegations fail to plausibly allege a defendant had pre-suit knowledge of the patent-in-suit, dismissal of at least any claim of ***pre-suit*** induced infringement is appropriate. *BillJCo, LLC v. Apple Inc.*, 583 F. Supp. 3d 769, 775–77 (W.D. Tex. 2022) (dismissing pre-suit induced infringement claims after evaluating pre- and post-suit allegations separately); *Neonode Smartphone LLC v. Samsung Elecs. Co.*, Nos. 6:20-CV-00507-ADA, 6:23-CV-00204-ADA, 2023 WL 5426743, at *4–5 (W.D. Tex. June 27, 2023) (granting motion to dismiss pre-suit indirect infringement claim due to lack of pre-suit

knowledge of the patent-in-suit); *Flypsi, Inc. v. Google LLC*, No. 6:22-CV-0031-ADA, 2022 WL 3593053, at \*4–7 (W.D. Tex. Aug. 22, 2022) (same).

## IV.   ARGUMENT

### A.   Venue Is Improper in the Western District of Texas for Broadcom Inc.

Venue in this District is improper for Broadcom because Broadcom does not reside in this District nor have any regular and established place of business in this District. *See* 28 U.S.C. § 1400(b); *Intirion*, 669 F. Supp. 3d at 656–57.

The first option for venue under 28 U.S.C. § 1400(b)—the "resides" option—is not satisfied because Broadcom does not "reside" in this District. Rather, as QuickVault admits, "Broadcom is a corporation organized and existing under the laws of the State of Delaware" (Dkt. 1, ¶10; *see* Phillips Decl., ¶2) and thus does not "reside" in Texas for the purpose of the patent venue statute. *Andra Grp., LP v. Victoria's Secret Stores*, L.L.C., 6 F.4th 1283, 1287 (Fed. Cir. 2021) ("Because each Defendant is incorporated in Delaware, no defendant 'resides' in Texas for the purpose of patent venue."); *see, e.g.*, *MDSave, Inc. v. Sesame, Inc.*, No. 6:21-CV-01338-ADA, 2023 WL 353998, at \*4 (W.D. Tex. Jan. 11, 2023) ("There is no dispute that Sesame is incorporated in Delaware and therefore does not 'reside' in the Western District of Texas."); *Koss Corp. v. Bose Corp.*, No. 6-20-CV-00661-ADA, 2021 WL 7541417, at \*3 (W.D. Tex. June 22, 2021) ("Koss concedes that Bose is a Delaware corporation and does not reside in the Western District of Texas. … Therefore, it is undisputed that venue is not proper under the first prong of the patent venue statute.").

The second option for establishing venue under 28 U.S.C. § 1400(b) is also not satisfied here because, *inter alia*, Broadcom does not have a "regular and established place of business" in this District. *Cray*, 871 F.3d at 1360; *see id* at 1363 (requiring that the "regular and established place of business" must be "the place of the defendant"). Broadcom does not own

or lease any real estate in this District, possess or control any physical place in this District, own or control shelf space in this District, or have any employees in this District. Phillips Decl., ¶3; *cf. Cray*, 871 F.3d at 1363 (noting "[r]elevant considerations include whether the defendant owns or leases the place, or exercises other attributes of possession or control over the place").

      To be clear, the place of business allegedly located at "6500 River Place Boulevard, Austin, Texas 78730" (according to the Complaint) is ***not*** a place of business of Broadcom, contrary to QuickVault's allegation. *See* Dkt. 1, ¶9. That office space is leased by a ***separate and distinct entity***: VMware LLC. Phillips Decl., ¶¶4–5; Ex. B; *see Ambraco*, 570 F.3d at 238 ("[U]nder … Rule 12(b)(3), the court is permitted to look at evidence in the record beyond simply those facts alleged in the complaint."). And, generally speaking, "the place of business of one corporation is not imputed to the other for venue purposes." *Andra Grp.*, 6 F.4th at 1289; *accord Celgene Corp. v. Mylan Pharms. Inc.*, 17 F.4th 1111, 1125 (Fed. Cir. 2021) (same); *EMED Techs. Corp. v. Repro-Med Sys., Inc.*, No. 2:17-CV-728-WCB-RSP, 2018 WL 2544564, at *2 (E.D. Tex. June 4, 2018) ("For purposes of venue, … the courts ordinarily will not treat the place of business of one corporation as the place of business of the other.'").

      Here, there are no allegations—and, in fact, no grounds—to treat the place of business of VMware LLC in Austin, Texas, as that of Broadcom for venue purposes. VMware LLC is a separate and distinct subsidiary of Broadcom. *See* Phillips Decl., ¶2. And the "threshold inquiry when determining whether the place of business of one company can be imputed to another, related company is whether they have maintained corporate separateness." *Andra Grp.*, 6 F.4th at 1289. "[W]here related companies have maintained corporate separateness"—as is the case here with Broadcom and its subsidiary, VMware LLC (*see* Phillips Decl., ¶2)—"the place of business of one corporation is not imputed to the other for venue purposes." *Andra Grp.*, 6

F.4th at 1289; *see Bd. of Regents v. Medtronic PLC*, No. A-17-CV-0942-LY, 2018 WL 4179080, at *2 (W.D. Tex. July 19, 2018) ("Except where corporate formalities are ignored and an alter ego relationship exists, the presence of a corporate relative in the district does not establish venue over another separate and distinct corporate relative.").

Put simply, "[t]he presence of a wholly-owned subsidiary is not sufficient to establish venue for the parent corporation, except in the very narrow circumstance where entities lack formal corporate separateness, which is a difficult standard to meet and requires proof that the corporations disregard their separateness and act as a single enterprise." *Optic153 LLC v. Thorlabs Inc.*, No. 6:19-CV-00667-ADA, 2020 WL 3403076, at *2 (W.D. Tex. June 19, 2020) (quoting *Soverain IP, LLC v. AT&T, Inc.*, No. 2:17-CV-00293-RWS-RSP, 2017 WL 5126158, at *1 (E.D. Tex. Oct. 31, 2017)).

"Even if the companies share a unitary business purpose, the standard would not be met." *Optic153*, 2020 WL 3403076, at *3. Indeed, the Supreme Court has "held that even if a parent corporation controls a subsidiary's operations and the companies share a unitary business purpose, the subsidiary's presence in a venue cannot be imputed to the parent absent disregard for corporate separateness." *Soverain*, 2017 WL 5126158, at *1 (citing *Cannon Manufacturing Co. v. Cudahy Packing Co.*, 267 U.S. 333, 334–35 (1925)). To demonstrate such disregard for corporate separateness, a plaintiff "must show that the lines between [the corporate relatives] have become so blurred that the [corporate relatives] become one." *Sightline*, 2022 WL 2078215, at *4. But "[w]here a parent and subsidiary observe corporate formalities, the plaintiff has a heavy burden to establish a degree of control sufficient to impute the subsidiary's jurisdictional contacts to the parent." *Adm'rs of Tulane Educ. Fund v. Ipsen, S.A.*, 450 F. App'x 326, 331 (5th Cir. 2011); *accord Nat'l Steel Car Ltd. v. Greenbrier Cos.,*

*Inc.*, No. 6:19-CV-00721-ADA, 2020 WL 4289388, at *3 (W.D. Tex. July 27, 2020) ("When the parent and subsidiary observe corporate formalities, a heavy presumption exists that the subsidiary is not an alter ego of the parent entity.").

QuickVault has failed to shoulder that heavy burden here. QuickVault's Complaint is devoid of any allegation that Broadcom and VMware LLC (the Broadcom subsidiary leasing the office at 6500 River Place Boulevard, Austin, Texas 78730) lack corporate separateness. *See generally* Dkt. 1; *see also Andra Grp.*, 6 F.4th at 1289–90 (affirming finding of improper venue as to parent where plaintiff failed to argue that parent and subsidiary in the district "have not maintained corporate separateness"). Moreover, the record facts demonstrate that VMware LLC maintains is own independent structure separate from Broadcom. *See* Phillips Decl., ¶2. *Cf. Soverain*, 2017 WL 5126158, at *1 (dismissing parent "holding company" for improper venue in view of "sworn declaration" that "corporate form has not been disregarded"). In view of these record facts, any bald suggestion otherwise by QuickVault "would not be sufficient to treat the two corporations as one." *Id.* (dismissing parent "holding company" for improper venue despite plaintiff's contention the parent and subsidiary "should be considered a single entity for purposes of venue"); *see also Andra Grp.*, 6 F.4th at 1289–90.

Courts in this District have routinely and consistently refused to impute a subsidiary's presence in this District to its corporate parent on similar facts and evidence. For example, in *Board of Regents v. Medtronic*, the court held that Medtronic, Inc. (a Minnesota corporation) did not maintain a regular and established place of business in the District, including because the presence of its subsidiaries in the District could not be imputed to Medtronic, Inc. 2018 WL 4179080, at *1–2. In particular, the operative "San Antonio building" at issue was "leased by [Medtronic] MiniMed, Inc., a wholly-owned subsidiary of Medtronic [Inc.]" and was also a

11

"regular and established place of business for Medtronic MiniMed, Inc., and its subsidiary MiniMed Distribution Corp., which are each distinct corporate entities from Medtronic, Inc." *Id.* at *2. The court held that these facts were "insufficient to establish that venue in this district is proper for the [] claims alleged against Medtronic, Inc." because "nothing in the case file that reflects anything other than that these three companies—Medtronic, Inc., Medtronic MiniMed, Inc., and its subsidiary MiniMed Distribution Corp.—are anything other than three separate corporate entities that maintain their corporate separateness." *Id.* at *1–2; *see also Optic153*, 2020 WL 3403076, at *3–4 (finding improper venue because subsidiary's "presence in this District cannot be imputed to Defendant" in light of "independent corporate statuses").

Similarly, in *Sightline Payments v. Everi Holdings Inc.*, the court found venue in this District was improper for Evering Holdings Inc., including because the contacts of its subsidiary, Everi Games, in Austin, Texas could not be imputed to Evering Holdings Inc. for venue purposes. 2022 WL 2078215, at *3–8. "Everi Games maintains a regular and established place of business at its leased Austin offices." *Id.* at *3. But Everi Holdings Inc. "maintain[ed] separate headquarters" and "observe[d] corporate formalities" from Everi Games. *Id.* at *7. And the record showed that "[t]he control Everi Holdings exercises over its subsidiaries … is consistent with that expected of a holding company managing a portfolio of subsidiaries." *Id.* As such, the court found that this District was "not a proper venue" for Everi Holdings Inc. (or any other Everi entities beyond Everi Games). *Id.* at *8; *see also B/E Aerospace, Inc. v. Zodiac Aerospace*, No. 2:16-CV-01417-JRG-RSP, 2018 WL 7140299, at *5–6 (E.D. Tex. Nov. 30, 2018) (finding venue was improper as to a number of "Zodiac" defendants that were "separate from Zodiac Seats, the only defendant with a physical place of business in the district"), *report and recommendation adopted*, 2019 WL 354883 (E.D. Tex. Jan. 28, 2019).

The same is true here with respect to Broadcom. As discussed, Broadcom's subsidiaries (including, but not limited to, VMware LLC) each maintains their own independent corporate, partnership, or limited liability company status, identity, and structure—separate from Broadcom, the parent holding company. Phillips Decl., ¶2; *see Medtronic*, 2018 WL 4179080, at *1–2; *Sightline*, 2022 WL 2078215, at *3–8; *see also Soverain*, 2017 WL 5126158, at *1; *B/E Aerospace*, 2018 WL 7140299, at *5–6. And any allegation that Broadcom may "control" its subsidiaries' operations or "share a unitary business purpose" with its subsidiaries is insufficient to impute any of its subsidiaries' presence in this District to Broadcom. *Cannon*, 267 U.S. at 334–35; *see Sightline*, 2022 WL 2078215, at *5 ("[T]he Fifth Circuit has repeatedly stated that 'one-hundred percent ownership and identity of directors and officers are, even together, an insufficient basis for applying the alter ego theory."); *Optic153*, 2020 WL 3403076, at *3 ("Even if the companies share a unitary business purpose, the standard would not be met."); *see also Celgene*, 17 F.4th at 1125–26 ("[C]ourts have refused to pierce the veil even when subsidiary corporations use the trade name of the parent, accept administrative support from the parent, and have a significant economic relationship with the parent."); *Jackson v. Tanfoglio Giuseppe, S.R.L.*, 615 F.3d 579, 588 (5th Cir. 2010) ("Even where some factors suggest that one entity is the alter ego of another, the maintenance of corporate formalities tips in favor of finding that the entities are not alter egos.").

QuickVault's vague, cursory allegation that Broadcom is purportedly doing business as ("d/b/a") Broadcom Corporation (Dkt. 1, ¶1) does not compel any different conclusion. Broadcom Corporation is not an alter ego of Broadcom Inc. Rather, like VMware LLC, Broadcom Corporation is a separate and distinct subsidiary of Broadcom Inc. *See* Phillips Decl., ¶2. Broadcom Corporation is incorporated in California, with its principal place of

business in California. Phillips Decl., ¶6. Broadcom Corporation is, however, registered to do business in Texas and conducts business from the office complex leased by VMware LLC at 6500 River Place Boulevard, Austin, Texas 78730. Phillips Decl., ¶6; Ex. C. But, for the same reasons discussed above with respect to VMware LLC, Broadcom Corporation's presence in the District cannot and should not be imputed to Broadcom Inc. for venue purposes.

There are no allegations in QuickVault's Complaint—and, in fact, no grounds—to treat the place of business of Broadcom Corporation in Austin, Texas, as that of Broadcom Inc. for venue purposes. *See, e.g.*, *Andra Grp.*, 6 F.4th at 1289–90 (affirming finding of improper venue as to parent where plaintiff failed to argue that parent and subsidiary in the district "have not maintained corporate separateness"). Moreover, the record facts demonstrate that Broadcom Corporation maintains is own independent structure separate from Broadcom Inc. *See* Phillips Decl., ¶2. *Cf. Soverain*, 2017 WL 5126158, at *1 (dismissing parent "holding company" for improper venue in view of "sworn declaration" that "corporate form has not been disregarded"). In view of these record facts, any bald suggestion otherwise by QuickVault "would not be sufficient to treat the two corporations as one." *Id.* (dismissing parent "holding company" for improper venue despite plaintiff's contention the parent and subsidiary "should be considered a single entity for purposes of venue"); *see also Andra Grp.*, 6 F.4th at 1289–90.

For all these reasons, venue in this District is improper for Broadcom under 28 U.S.C. § 1400(b), and QuickVault's Complaint must be dismissed pursuant to Rule 12(b)(3). *See Sightline*, 2022 WL 2078215, at *2 ("Failure to satisfy any statutory requirement requires a finding of improper venue.").

### B.  Insufficient Service of Process on Broadcom Inc.

Federal Rule of Civil Procedure 4(h) governs service of domestic corporations, such as Broadcom Inc., and provides a number of options with respect to legally sufficient service.

Here, QuickVault attempted service of process of Broadcom Inc. exclusively under Fed. R. Civ. P. 4(h)(1)(B)—by delivering a copy of the Summons and Complaint to Broadcom Inc.'s **purported** registered agent: Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, located at 211 E. 7th St., Suite 620, Austin, TX 78701. *See* Dkt. 9.

But, as discussed above, Broadcom Inc. does **not** have any registered agent in Texas. Phillips Decl., ¶3; *see* Ex. A. And more pointedly, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, located at 211 E. 7th St., Suite 620, Austin, TX 78701, is **not** a registered agent of Broadcom Inc. *See* Phillips Decl., ¶3; *see also* Ex. A. Rather, that entity is the registered agent of **Broadcom Corporation**—a subsidiary of Broadcom Inc., which maintains is own independent structure separate from Broadcom Inc., as discussed above. *See* Phillips Decl., ¶¶2, 6; Ex. C. In light of the corporate separateness between Broadcom Inc. and Broadcom Corporation, QuickVault's attempted service of process of Broadcom Inc. via Broadcom Corporation's registered agent is "legally insufficient." *Blue Spike, LLC v. ASUS Comput. Int'l, Inc.*, No. 6:16-CV-1384-RWS-KNM, 2018 WL 3301705, at *8 (E.D. Tex. Feb. 20, 2018) (finding plaintiff's service of process of parent corporation via its subsidiary's registered agent is "legally insufficient"), *report and recommendation adopted*, 2018 WL 1443783 (E.D. Tex. Mar. 23, 2018).

While courts may sometimes afford plaintiffs "an opportunity to correct [] defective service" under Fed. R. Civ. P. 4 (*see, e.g., Macrosolve, Inc. v. Antenna Software, Inc.*, No. 6:11-CV-287, 2012 WL 12903085, at *2 (E.D. Tex. Mar. 16, 2012)), no allowance need nor should be afforded here, given that venue is this District is improper as to Broadcom Inc. in any event, for the reasons discussed above. *See supra* Section IV.A. Thus, QuickVault's Complaint

15

should be dismissed for insufficient service of process. *See Kreimerman*, 22 F.3d at 645 (noting

court has "broad discretion to dismiss an action for ineffective service of process").

**C.   QuickVault's Direct Infringement Claims Should be Dismissed.**

QuickVault's Complaint fails to make any plausible allegations of direct infringement by

Broadcom Inc. As noted above, Broadcom Inc. is a holding company. Phillips Decl., ¶2. As

such, Broadcom Inc. does not make, use, offer to sell or sell, or import into the United States any

product or technology—including, but not limited to, the alleged "Symantec" products identified

in QuickVault's Complaint. Phillips Decl., ¶2. As such, Broadcom Inc. necessarily cannot be

found to directly infringe any Asserted Patent. *See, e.g.*, 35 U.S.C. § 271; *BMC Resources, Inc.*

*v. Paymentech, L.P.*, 498 F.3d 1373, 1380 (Fed. Cir. 2007) ("[L]iability for infringement requires

a party to make, use, sell, or offer to sell the patented invention[.]"); *Joy Technologies, Inc. v.*

*Flakt, Inc.*, 6 F.3d 770, 773 (Fed. Cir. 1993) ("The making, using, or selling of a patented

invention is the usual meaning of the expression 'direct infringement.'").

**D.   QuickVault's Pre-Suit Indirect Infringement Claims Should be Dismissed.**

QuickVault's claims for ***pre-suit*** induced infringement should be dismissed because,

*inter alia*, QuickVault's Complaint fails to sufficiently allege pre-suit knowledge of any Asserted

Patent by Broadcom Inc.—a threshold requirement for induced infringement. *Commil*, 575 U.S.

at 639 ("[I]nduced infringement … requires knowledge of the patent in suit and knowledge of

patent infringement."); *Corydoras*, 2016 WL 9242435, at *2 ("[A] patentee cannot recover on

claims of indirect infringement for acts occurring prior to the accused infringer having

knowledge of the asserted patents.").

As discussed, QuickVault's Complaint is devoid of any allegation of any knowledge of

any Asserted Patent by Broadcom Inc. ***prior to*** the filing of the Complaint. *See generally* Dkt. 1.

Rather, QuickVault's Complaint alleges only that "Broadcom has had knowledge of [each

Asserted Patent], its infringement of [each Asserted Patent], and of its customers' infringement of [each Asserted Patent] at least ***as of the service and filing of this Complaint***." Dkt. 1, ¶¶36, 46, 56, 66, 76, 86, 96 (emphasis added). Given QuickVault "has not pleaded ***pre-suit*** actual knowledge" of the Asserted Patents, QuickVault has necessarily "failed to sufficiently plead ***pre-suit*** induced infringement." *Neonode*, 2023 WL 5426743, at \*4–5 (emphasis added); *Flypsi*, 2022 WL 3593053, at \*4–7 (granting motion to dismiss pre-suit indirect infringement claim due to lack of pre-suit knowledge of the patent-in-suit).

## V.   CONCLUSION

For the foregoing reasons, Broadcom Inc. requests that the Court grant its motion and dismiss the Complaint for both improper venue under Fed. R. Civ. P. 12(b)(3) and insufficient service of process, under Fed. R. Civ. P. 12(b)(5) and, in any event, dismiss QuickVault's claims of direct infringement and pre-suit indirect infringement for failure to state a claim upon which relief may be granted, under Fed. R. Civ. P. 12(b)(6).

DATED:  October 4, 2024

Respectfully submitted:

*/s/ Paige Arnette Amstutz*
Paige Arnette Amstutz
Texas State Bar No. 00796136
SCOTT, DOUGLASS & McCONNICO, LLP
303 Colorado Street, Suite 2400
Austin, TX  78701
Telephone: (512) 495-6300
Facsimile: (512) 495-6399
pamstutz@scottdoug.com

Russell A. Korn (admitted *pro hac vice*)
Joshua H. Lee (admitted *pro hac vice*)
KILPATRICK TOWNSEND & STOCKTON LLP
1100 Peachtree Street NE, Ste. 2800
Atlanta, GA  30309-4528
Telephone: 404 815 6500
Facsimile: 404 815 6555
rkorn@ktslaw.com
jlee@ktslaw.com

*Attorneys for Defendant Broadcom Inc.*

**<u>CERTIFICATE OF SERVICE</u>**

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on October 4, 2024, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.


<u>*/s/ Paige Arnette Amstutz*</u>
Paige Arnette Amstutz

19