## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | |
|---|---|
| **QUICKVAULT, INC.,** | |
| **Plaintiff,** | **Case No.: 1:24-cv-00864-DII** |
| **v.** | **JURY TRIAL DEMANDED** |
| **BROADCOM CORPORATION,** | |
| **Defendant.** | |

## AMENDED COMPLAINT FOR PATENT INFRINGEMENT

1.     QuickVault, Inc. ("QuickVault") hereby brings this action alleging that Defendant Broadcom Corporation ("Broadcom")[1] infringes United States Patent Nos. 9,565,200 (the "'200 Patent"), 9,961,092 (the "'092 Patent"), 10,999,300 (the "'300 Patent"), 11,637,840 (the "'840 Patent"), 11,895,125 (the "'125 Patent"), 11,880,437 (the "'437 Patent"), and 11,568,029 (the "'029 Patent") (collectively, the "Asserted Patents") in violation of the patent laws of the United States of America, 35 U.S.C. § 1 et seq.

---

[1] This Amended Complaint replaces Defendant Broadcom Inc. with Broadcom Corporation in response to Broadcom Inc.'s representation in its Motion to Dismiss that it is a mere holding company for Broadcom Corporation.  (ECF No. 17.) Broadcom did not confer with QuickVault prior to filing its motion.

**INTRODUCTION**

2.     Due to the ease of insurance and prescription drug fraud, patient health information is a valuable target for cyber criminals.  Healthcare providers that lose control of patient data violate HIPAA-OCR requirements and are subject to fines.  QuickVault created its CloudVault® Health business unit in 2015 to address this serious issue, deploying patented technology to mitigate risks to healthcare providers when sharing patient records.

3.     Before CloudVault Health, healthcare providers addressed data security concerns by piecing together HIPAA secure vaults, encryption software installed on individual endpoint computers, and expensive perimeter security that collectively limited access to sensitive data.  These solutions did not focus on automatically discovering and protecting the data itself or tracking and predicting the behavior of individuals with access to that data.

4.     QuickVault's patented technology improves security by scanning endpoints within a network that, in coordination with a cloud-based server, automatically discover, classify, and track sensitive information as well as permit remote remediation of policy violations by, e.g., deleting or encrypting unauthorized documents on endpoints.  QuickVault's patented technology also enables healthcare providers to predict policy violations before they occur by

tracking and analyzing user activity, allowing healthcare providers to optimize security by placing restrictions on high-risk individuals.

5.     Broadcom's Symantec Enterprise Cloud, including but not limited to Symantec Data Loss Prevention and Symantec CloudSOC, provides "information security protection across endpoints, network, cloud, and storage."  (*Symantec Data Loss Prevention Product Brief*, BROADCOM, https://docs.broadcom.com/doc/data-loss-prevention-family-en; *see also Symantec Enterprise Cloud*, BROADCOM, https://www.broadcom.com/products/cybersecurity ("Symantec Enterprise Cloud delivers data-centric hybrid security for the largest, most complex organizations in the world – on devices, in private data centers, and in the cloud."); *CloudSOC CASB*, BROADCOM, https://www.broadcom.com/products/cybersecurity/information-protection/data-loss-prevention-cloud/cloud-application-security-cloudsoc.); *Symantec VIP Access Manager (SAM/VIPAM) End-of-Life, End-of-Availability, and End-of- Support Announcement*, BROADCOM, https://knowledge.broadcom.com/external/article/207709/symantec-vip-access-manager-samvipam-end.html) ("Symantec, a division of Broadcom Corporation . . .").  Symantec Enterprise Cloud implements QuickVault's patented technologies without authorization.

6.     A central aspect of Symantec Enterprise Cloud is the deployment of agent software on endpoints to detect, classify, and track data as well as to enable remote administrators to monitor and remediate policy violations.  Remote administrators are alerted to policy violations and granted multiple remediation options.  At least these functions of Symantec Enterprise Cloud practice one or more claims of the Asserted Patents.

7.     Symantec VIP uses a multifactor authentication system for managing user and administrator access, which also practices one or more claims of the Asserted Patents.

8.     Broadcom has made Symantec Enterprise Cloud and Symantec VIP available to businesses and individuals throughout the United States, including in this District.

**THE PARTIES**

9.     QuickVault is a corporation formed under the laws of Georgia with its principal office located at 1400 Marketplace Blvd. Ste 226, Cumming, GA, 30041.

10.    Broadcom is a corporation organized and existing under the laws of the State of California.

**JURISDICTION AND VENUE**

11.    This is a civil action for patent infringement arising under the patent laws of the United States as set forth in 35 U.S.C. §§ 271, *et seq.*

12.     This Court has federal subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

13.     This Court has personal jurisdiction over Broadcom because Broadcom has purposefully availed itself to the privilege of conducting activities within the State of Texas, including by committing acts of infringement in Texas.

14.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(b) because Broadcom resides in this District, has a regular and established place of business in this District, and has committed acts of infringement within this District.  For example, Broadcom conducts business from the office complex located at 6500 River Place Boulevard, Austin, Texas 78730, which, on information and belief, has roughly 1800 employees.  On information and belief, Broadcom uses the accused products in this District, sells Symantec Enterprise Cloud in this District, and otherwise practices and/or induces others to practice the Asserted Patents from within this District.

## THE ASSERTED PATENTS

15.     The '200 Patent, which is entitled "Method and System for Forensic Data Tracking," was duly and legally issued to inventors Steven V. Bacastow and Michael Royd Heuss and assignee QuickVault on February 7, 2017.  A true copy of the '200 Patent is attached as **Exhibit A** to the original Complaint.

16.     QuickVault is the owner of the entire right, title, and interest in and to the '200 Patent, which is presumed valid under 35 U.S.C. § 282.

17.     The '092 Patent, which is entitled "Method and System for Forensic Data Tracking," was duly and legally issued to inventors Steven V. Bacastow and Michael Royd Heuss and assignee QuickVault on May 1, 2018.  A true copy of the '092 Patent is attached as **Exhibit B** to the original Complaint.

18.     QuickVault is the owner of the entire right, title, and interest in and to the '092 Patent, which is presumed valid under 35 U.S.C. § 282.

19.     The '300 Patent, which is entitled "Method and System for Forensic Data Tracking," was duly and legally issued to inventors Steven V. Bacastow and Michael Royd Heuss and assignee QuickVault on May 4, 2021.  A true copy of the '300 Patent is attached as **Exhibit C** to the original Complaint.

20.     QuickVault is the owner of the entire right, title, and interest in and to the '300 Patent, which is presumed valid under 35 U.S.C. § 282.

21.     The '840 Patent, which is entitled "Method and System for Forensic Data Tracking," was duly and legally issued to inventors Steven V. Bacastow and Michael Royd Heuss and assignee QuickVault on April 25, 2023.  A true copy of the '840 Patent is attached as **Exhibit D** to the original Complaint.

22.     QuickVault is the owner of the entire right, title, and interest in and to the '840 Patent, which is presumed valid under 35 U.S.C. § 282.

6

23.     The '125 Patent, which is entitled "Method and System for Forensic Data Tracking," was duly and legally issued to inventors Steven V. Bacastow and Michael Royd Heuss and assignee QuickVault on February 6, 2024.  A true copy of the '125 Patent is attached as **Exhibit E** to the original Complaint.

24.     QuickVault is the owner of the entire right, title, and interest in and to the '125 Patent, which is presumed valid under 35 U.S.C. § 282.

25.     The '437 Patent, which is entitled "Method and System for Remote Data Access," was duly and legally issued to inventor Steven V. Bacastow and assignee QuickVault on January 23, 2024.  A true copy of the '437 Patent is attached as **Exhibit F** to the original Complaint.

26.     QuickVault is the owner of the entire right, title, and interest in and to the '437 Patent, which is presumed valid under 35 U.S.C. § 282.

27.     The '029 Patent, which is entitled "Method and System for Remote Data Access," was duly and legally issued to inventor Steven V. Bacastow and assignee QuickVault on January 31, 2023.  A true copy of the '029 Patent is attached as **Exhibit G** to the original Complaint.

28.     QuickVault is the owner of the entire right, title, and interest in and to the '029 Patent, which is presumed valid under 35 U.S.C. § 282.

## COUNT I:  PATENT INFRINGEMENT OF THE '200 PATENT

29.     QuickVault incorporates by reference each of the above paragraphs as if fully restated herein.

30.     Broadcom has directly infringed and continues to directly infringe under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, one or more claims of the '200 Patent by making, using, selling, offering to sell, and/or importing Symantec Enterprise Cloud within the United States.

31.     Not only does Broadcom infringe by supplying and maintaining Symantec Enterprise Cloud for its customers, on information and belief Broadcom uses Symantec Enterprise Cloud internally in an infringing manner.

32.     A detailed infringement analysis demonstrating how Symantec Enterprise Cloud practices each and every limitation of claim 1 of the '200 Patent, either literally or under the doctrine of equivalents, is provided in **Exhibit H** to the original Complaint.

33.     As a result of Broadcom's direct infringement of the '200 Patent, QuickVault has suffered monetary damages and seeks recovery in an amount adequate to compensate it for Broadcom's infringement.

## COUNT II:  INDIRECT INFRINGEMENT OF THE '200 PATENT

34.     QuickVault incorporates by reference each of the above paragraphs as if fully restated herein.

35.     Broadcom actively induces infringement of the '200 Patent by its customers to whom it provides Symantec Enterprise Cloud under 35 U.S.C. § 271(b).  *See* **Exhibit H**.  By implementing Symantec Enterprise Cloud within their networks, including *inter alia* by integrating endpoints into their networks and using Symantec Enterprise Cloud to monitor and manage those endpoints, Broadcom's customers put the invention into service, i.e., control the system as a whole and obtain benefit from it.  Indeed, by using Symantec Enterprise Cloud, Broadcom's customers benefit from each claimed component of the invention, for example because each claimed component contributes to augmenting network security, network management, and/or data visibility.

36.     Broadcom has knowledge of the '200 Patent, of its infringement of the '200 Patent, and of its customers' infringement of the '200 Patent at least as of the service and filing of the original Complaint in this action, or at the latest as of the service and filing of this Amended Complaint.  **Exhibit H** provides actual notice to Broadcom that its making, use, sale, offer for sale, and/or importation of Symantec Enterprise Cloud, as well as its customers' use of Symantec Enterprise Cloud, infringes the '200 Patent.  **Exhibit H** provides further notice to Broadcom that its making, use, sale, offer for sale, and/or importation of Symantec Enterprise Cloud, as well as its customers' use of Symantec Enterprise Cloud, infringes the '200 Patent.

37.     Broadcom's continued sale, testing, support, instruction, and promotion of Symantec Enterprise Cloud to customers and prospective customers constitutes active encouragement and instruction to infringe the '200 Patent.  For example, Broadcom's publication of its "Symantec Enterprise Cloud" website (*Symantec Enterprise Cloud*, BROADCOM, https://www.broadcom.com/products/cybersecurity) intentionally instructs and encourages customers to use Symantec Enterprise Cloud in infringing manners. *See* **Exhibit H**.

38.     Upon information and belief, Broadcom has many end user customers who use Symantec Enterprise Cloud in a manner that directly infringes the '200 Patent.  As a result of Broadcom's infringement and its customers' infringement of the '200 Patent, QuickVault has suffered monetary damages and seeks recovery in an amount adequate to compensate it for Broadcom's infringement.

### COUNT III:  DIRECT INFRINGEMENT OF THE '092 PATENT

39.     QuickVault incorporates by reference each of the above paragraphs as if fully restated herein.

40.     Broadcom has directly infringed and continues to directly infringe under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, one or more claims of the '092 Patent by making, using, selling, offering to sell, and/or importing Symantec Enterprise Cloud within the United States.

41.     Not only does Broadcom infringe by supplying and maintaining Symantec Enterprise Cloud for its customers, on information and belief Broadcom uses Symantec Enterprise Cloud internally in an infringing manner.

42.     A detailed infringement analysis demonstrating how Symantec Enterprise Cloud practices each and every limitation of claim 1 of the '092 Patent, either literally or under the doctrine of equivalents, is provided in **Exhibit I** to the original Complaint.

43.     As a result of Broadcom's direct infringement of the '092 Patent, QuickVault has suffered monetary damages and seeks recovery in an amount adequate to compensate it for Broadcom's infringement.

**COUNT IV:  INDIRECT INFRINGEMENT OF THE '092 PATENT**

44.     QuickVault incorporates by reference each of the above paragraphs as if fully restated herein.

45.     Broadcom actively induces infringement of the '092 Patent by its customers to whom it provides Symantec Enterprise Cloud under 35 U.S.C. § 271(b).  *See* **Exhibit I**.  By implementing Symantec Enterprise Cloud within their networks, including *inter alia* by integrating endpoints into their networks and using Symantec Enterprise Cloud to monitor and manage those endpoints, Broadcom's customers put the invention into service, i.e., control the system as a whole and obtain benefit from it.  Indeed, by using Symantec Enterprise Cloud,

Broadcom's customers benefit from each claimed component of the invention, for example because each claimed component contributes to augmenting network security, network management, and/or data visibility.

46.     Broadcom has knowledge of the '092 Patent, of its infringement of the '092 Patent, and of its customers' infringement of the '092 Patent at least as of the service and filing of the original Complaint in this action, or at the latest as of the service and filing of this Amended Complaint.  **Exhibit I** provides actual notice to Broadcom that its making, use, sale, offer for sale, and/or importation of Symantec Enterprise Cloud, as well as its customers' use of Symantec Enterprise Cloud, infringes the '092 Patent.  **Exhibit I** provides further notice to Broadcom that its making, use, sale, offer for sale, and/or importation of Symantec Enterprise Cloud, as well as its customers' use of Symantec Enterprise Cloud, infringes the '092 Patent.

47.     Broadcom's continued sale, testing, support, instruction and promotion of Symantec Enterprise Cloud to customers and prospective customers constitute active encouragement and instruction to infringe the '092 Patent.  For example, Broadcom's publication of its "Symantec Enterprise Cloud" website (*Symantec Enterprise Cloud*, BROADCOM,

https://www.broadcom.com/products/cybersecurity) intentionally instructs and

encourages customers to use Symantec Enterprise Cloud in infringing manners. *See* **Exhibit I**.

48.     Upon information and belief, Broadcom has many end user customers who use Symantec Enterprise Cloud in a manner that directly infringes the '092 Patent.  As a result of Broadcom's infringement and its customers' infringement of the '092 Patent, QuickVault has suffered monetary damages and seeks recovery in an amount adequate to compensate it for Broadcom's infringement.

### COUNT V:  DIRECT INFRINGEMENT OF THE '300 PATENT

49.     QuickVault incorporates by reference each of the above paragraphs as if fully restated herein.

50.     Broadcom has directly infringed and continues to directly infringe under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, one or more claims of the '300 Patent by making, using, selling, offering to sell, and/or importing Symantec Enterprise Cloud within the United States.

51.     Not only does Broadcom infringe by supplying and maintaining Symantec Enterprise Cloud for its customers, on information and belief Broadcom uses Symantec Enterprise Cloud internally in an infringing manner.

52.     A detailed infringement analysis demonstrating how Symantec Enterprise Cloud practices each and every limitation of claim 1 of the '300 Patent,

either literally or under the doctrine of equivalents, is provided in **Exhibit J** to the original Complaint.

53.     As a result of Broadcom's direct infringement of the '300 Patent, QuickVault has suffered monetary damages and seeks recovery in an amount adequate to compensate it for Broadcom's infringement.

### COUNT VI:  INDIRECT INFRINGEMENT OF THE '300 PATENT

54.     QuickVault incorporates by reference each of the above paragraphs as if fully restated herein.

55.     Broadcom also actively induces infringement of the '300 Patent by its customers to whom it provides Symantec Enterprise Cloud under 35 U.S.C. § 271(b).  *See* **Exhibit J**.  By implementing Symantec Enterprise Cloud within their networks, including *inter alia* by integrating endpoints into their networks and using Symantec Enterprise Cloud to monitor and manage those endpoints, Broadcom's customers put the invention into service, i.e., control the system as a whole and obtain benefit from it.  Indeed, by using Symantec Enterprise Cloud, Broadcom's customers benefit from each claimed component of the invention, for example because each claimed component contributes to augmenting network security, network management, and/or data visibility.

56.     Broadcom has knowledge of the '300 Patent, of its infringement of the '300 Patent, and of its customers' infringement of the '300 Patent at least as of the

service and filing of the original Complaint in this action, or at the latest as of the service and filing of this Amended Complaint.  **Exhibit J** provides actual notice to Broadcom that its making, use, sale, offer for sale, and/or importation of Symantec Enterprise Cloud, as well as its customers' use of Symantec Enterprise Cloud, infringes the '300 Patent.  **Exhibit J** provides further notice to Broadcom that its making, use, sale, offer for sale, and/or importation of Symantec Enterprise Cloud, as well as its customers' use of Symantec Enterprise Cloud, infringes the '300 Patent.

57.     Broadcom's continued sale, testing, support, instruction and promotion of Symantec Enterprise Cloud to customers and prospective customers constitute active encouragement and instruction to infringe the '300 Patent.  For example, Broadcom's publication of its "Symantec Enterprise Cloud" website (*Symantec Enterprise Cloud*, BROADCOM, https://www.broadcom.com/products/cybersecurity) intentionally instructs and encourages customers to use Symantec Enterprise Cloud in infringing manners. *See* **Exhibit J**.

58.     Upon information and belief, Broadcom has many end user customers who use Symantec Enterprise Cloud in a manner that directly infringes the '300 Patent.  As a result of Broadcom's indirect infringement and its customers' direct infringement of the '300 Patent, QuickVault has suffered monetary damages and

seeks recovery in an amount adequate to compensate it for Broadcom's infringement.

### COUNT VII:  DIRECT INFRINGEMENT OF THE '840 PATENT

59.    QuickVault incorporates by reference each of the above paragraphs as if fully restated herein.

60.    Broadcom has directly infringed and continues to directly infringe under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, one or more claims of the '840 Patent by making, using, selling, offering to sell, and/or importing Symantec Enterprise Cloud within the United States.

61.    Not only does Broadcom infringe by supplying and maintaining Symantec Enterprise Cloud for its customers, on information and belief Broadcom uses Symantec Enterprise Cloud internally in an infringing manner.

62.    A detailed infringement analysis demonstrating how Symantec Enterprise Cloud practices each and every limitation of claim 1 of the '840 Patent, either literally or under the doctrine of equivalents, is provided in **Exhibit K** to the original Complaint.  With respect to the method claims of the '840 Patent, each of the claim steps are either performed directly by Broadcom or are otherwise performed by Broadcom's customers under Broadcom's direction and control. Specifically, Broadcom conditions participation in an activity (e.g., the use of at least certain aspects of Broadcom's platform) or receipt of a benefit (e.g., the

improvement in security/management/visibility achieved by utilizing at least certain aspects of Broadcom's platform) upon performance of a step or steps of a patented method (e.g., any step of the claimed method performed by a customer rather than by Broadcom directly) and establishes the manner or timing of that performance (e.g., by writing and maintaining the software that customers use to perform claim steps, and by providing instructional materials to customers on how to utilize the system effectively).

63.     As a result of Broadcom's direct infringement of the '840 Patent, QuickVault has suffered monetary damages and seeks recovery in an amount adequate to compensate it for Broadcom's infringement.

**COUNT VIII:  INDIRECT INFRINGEMENT OF THE '840 PATENT**

64.     QuickVault incorporates by reference each of the above paragraphs as if fully restated herein.

65.     Broadcom's customers practice the claimed methods of the '840 Patent, such that Broadcom actively induces infringement of the '840 Patent by its customers to whom it provides Symantec Enterprise Cloud under 35 U.S.C. § 271(b).  *See* **Exhibit K**.  By implementing Symantec Enterprise Cloud within their networks, including *inter alia* by integrating endpoints into their networks and using Symantec Enterprise Cloud to monitor and manage those endpoints, Broadcom's customers put the invention into service, i.e., control the system as a

whole and obtain benefit from it.  Indeed, by using Symantec Enterprise Cloud, Broadcom's customers benefit from each claimed component of the invention, for example because each claimed component contributes to augmenting network security, network management, and/or data visibility.

66.     Broadcom has knowledge of the '840 Patent, of its infringement of the '840 Patent, and of its customers' infringement of the '840 Patent at least as of the service and filing of the original Complaint in this action, or at the latest as of the service and filing of this Amended Complaint.  **Exhibit K** provides actual notice to Broadcom that its making, use, sale, offer for sale, and/or importation of Symantec Enterprise Cloud, as well as its customers' use of Symantec Enterprise Cloud, infringes the '840 Patent.  **Exhibit K** provides further notice to Broadcom that its making, use, sale, offer for sale, and/or importation of Symantec Enterprise Cloud, as well as its customers' use of Symantec Enterprise Cloud, infringes the '840 Patent.

67.     Broadcom's continued sale, testing, support, instruction and promotion of Symantec Enterprise Cloud to customers and prospective customers constitute active encouragement and instruction to infringe the '840 Patent.  *See* **Exhibit K**.  For example, Broadcom's publication of its "Symantec Enterprise Cloud" website (*Symantec Enterprise Cloud*, BROADCOM, https://www.broadcom.com/products/cybersecurity) intentionally instructs and

encourages customers to use Symantec Enterprise Cloud in infringing manners. *See* **Exhibit K**.

68.     Upon information and belief, Broadcom has many end user customers who use Symantec Enterprise Cloud in a manner that directly infringes the '840 Patent.  As a result of Broadcom's infringement and its customers' infringement of the '840 Patent, QuickVault has suffered monetary damages and seeks recovery in an amount adequate to compensate it for Broadcom's infringement.

### COUNT IX:  DIRECT INFRINGEMENT OF THE '125 PATENT

69.     QuickVault incorporates by reference each of the above paragraphs as if fully restated herein.

70.     Broadcom has directly infringed and continues to directly infringe under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, one or more claims of the '125 Patent by making, using, selling, offering to sell, and/or importing Symantec Enterprise Cloud within the United States.

71.     Not only does Broadcom infringe by supplying and maintaining Symantec Enterprise Cloud for its customers, on information and belief Broadcom uses Symantec Enterprise Cloud internally in an infringing manner.

72.     A detailed infringement analysis demonstrating how Symantec Enterprise Cloud practices each and every limitation of claim 1 of the '125 Patent, either literally or under the doctrine of equivalents, is provided in **Exhibit L** to the

original Complaint.  With respect to the method claims of the '125 Patent, each of the claim steps are either performed directly by Broadcom or are otherwise performed by Broadcom's customers under Broadcom's direction and control. Specifically, Broadcom conditions participation in an activity (e.g., the use of at least certain aspects of Broadcom's platform) or receipt of a benefit (e.g., the improvement in security/management/visibility achieved by utilizing at least certain aspects of Broadcom's platform) upon performance of a step or steps of a patented method (e.g., any step of the claimed method performed by a customer rather than by Broadcom directly) and establishes the manner or timing of that performance (e.g., by writing and maintaining the software that customers use to perform claim steps, and by providing instructional materials to customers on how to utilize the system effectively).

73.    As a result of Broadcom's direct infringement of the '125 Patent, QuickVault has suffered monetary damages and seeks recovery in an amount adequate to compensate it for Broadcom's infringement.

**COUNT X:  INDIRECT INFRINGEMENT OF THE '125 PATENT**

74.    QuickVault incorporates by reference each of the above paragraphs as if fully restated herein.

75.    Broadcom also actively induces infringement of the '125 Patent by its customers to whom it provides Symantec Enterprise Cloud under 35 U.S.C. §

271(b).  *See* **Exhibit L**.  By implementing Symantec Enterprise Cloud within their networks, including *inter alia* by integrating endpoints into their networks and using Symantec Enterprise Cloud to monitor and manage those endpoints, Broadcom's customers put the invention into service, i.e., control the system as a whole and obtain benefit from it.  Indeed, by using Symantec Enterprise Cloud, Broadcom's customers benefit from each claimed component of the invention, for example because each claimed component contributes to augmenting network security, network management, and/or data visibility.

76.  Broadcom has knowledge of the '125 Patent, of its infringement of the '125 Patent, and of its customers' infringement of the '125 Patent at least as of the service and filing of the original Complaint in this action, or at the latest as of the service and filing of this Amended Complaint.  **Exhibit L** provides notice to Broadcom that its making, use, sale, offer for sale, and/or importation of Symantec Enterprise Cloud, as well as its customers' use of Symantec Enterprise Cloud, infringes the '125 Patent.

77.  Broadcom's continued sale, testing, support, instruction and promotion of Symantec Enterprise Cloud to customers and prospective customers constitute active encouragement and instruction to infringe the '125 Patent.  For example, Broadcom's publication of its "Symantec Enterprise Cloud" website (*Symantec Enterprise Cloud*, BROADCOM,

https://www.broadcom.com/products/cybersecurity) intentionally instructs and

encourages customers to use Symantec Enterprise Cloud in infringing manners.

*See* **Exhibit L**.

78.     Upon information and belief, Broadcom has many end user customers

who use Symantec Enterprise Cloud in a manner that directly infringes the '125

Patent.  As a result of Broadcom's indirect infringement and its customers' direct

infringement of the '125 Patent, QuickVault has suffered monetary damages and

seeks recovery in an amount adequate to compensate it for Broadcom's

infringement.

## COUNT XI:  DIRECT INFRINGEMENT OF THE '437 PATENT

79.     QuickVault incorporates by reference each of the above paragraphs as

if fully restated herein.

80.     Broadcom has directly infringed and continues to directly infringe

under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, one

or more claims of the '437 Patent by making, using, selling, offering to sell, and/or

importing Symantec VIP within the United States.  Each of the claim steps of the

'437 Patent are either performed directly by Broadcom or are otherwise performed

by Broadcom's customers under Broadcom's direction and control.  Specifically,

Broadcom conditions participation in an activity (e.g., the use of multifactor

authentication on Broadcom's platform) or receipt of a benefit (e.g., the

improvement in security resulting from using multifactor authentication on Broadcom's platform) upon performance of a step or steps of a patented method (e.g., any step of the claimed method performed by a customer rather than by Broadcom directly) and establishes the manner or timing of that performance (e.g., by writing and maintaining the software that customers use to perform claim steps, and by providing instructional materials to customers on how to perform the claim steps).

81.     Not only does Broadcom infringe by supplying and maintaining Symantec VIP for its customers, on information and belief Broadcom uses Symantec VIP internally in an infringing manner.

82.     A detailed infringement analysis demonstrating how Symantec VIP practices each and every limitation of claim 1 of the '437 Patent, either literally or under the doctrine of equivalents, is provided in **Exhibit M** to the original Complaint.

83.     As a result of Broadcom's direct infringement of the '437 Patent, QuickVault has suffered monetary damages and seeks recovery in an amount adequate to compensate it for Broadcom's infringement.

**COUNT XII:  INDIRECT INFRINGEMENT OF THE '437 PATENT**

84.     QuickVault incorporates by reference each of the above paragraphs as if fully restated herein.

85.     Broadcom's customers also practice the claimed methods Broadcom actively induces infringement of the '437 Patent by its customers to whom it provides Symantec VIP under 35 U.S.C. § 271(b).  *See* **Exhibit M**.  By utilizing Symantec VIP within their networks, including *inter alia* by using the claimed multifactor authentication methods in their implementation of Symantec VIP, Broadcom's customers put the invention into service, i.e., control the system as a whole and obtain benefit from it.  Indeed, by using Symantec VIP, Broadcom's customers benefit from each claimed component of the invention, for example because each claimed component contributes to augmenting network security.

86.     Broadcom has knowledge of the '437 Patent, of its infringement of the '437 Patent, and of its customers' infringement of the '437 Patent at least as of the service and filing of the original Complaint in this action, or at the latest as of the service and filing of this Amended Complaint.  **Exhibit M** provides notice to Broadcom that its making, use, sale, offer for sale, and/or importation of Symantec VIP, as well as its customers' use of Symantec VIP, infringes the '437 Patent.

87.     Broadcom's continued sale and promotion of Symantec VIP to customers and prospective customers constitute active encouragement and instruction to infringe the '437 Patent.  *See* **Exhibit M**.  For example, Broadcom's publication of its "VIP" website (*VIP*, BROADCOM,

24

https://www.broadcom.com/products/identity/vip) intentionally instructs and encourages customers to use Symantec VIP in infringing manners.  *See* **Exhibit M**.

88.     Upon information and belief, Broadcom has many end user customers who use Symantec VIP in a manner that directly infringes the '437 Patent.  As a result of Broadcom's indirect infringement and its customers' direct infringement of the '437 Patent, QuickVault has suffered monetary damages and seeks recovery in an amount adequate to compensate it for Broadcom's infringement.

## COUNT XIII:  DIRECT INFRINGEMENT OF THE '029 PATENT

89.     QuickVault incorporates by reference each of the above paragraphs as if fully restated herein.

90.     Broadcom has directly infringed and continues to directly infringe under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, one or more claims of the '029 Patent by making, using, selling, offering to sell, and/or importing Symantec VIP within the United States.  Each of the claimed steps of the '029 Patent are either performed directly by Broadcom or are otherwise performed by Broadcom's customers under Broadcom's direction and control.  Specifically, Broadcom conditions participation in an activity (e.g., the use of multifactor authentication on Broadcom's platform) or receipt of a benefit (e.g., the improvement in security resulting from using multifactor authentication on Broadcom's platform) upon performance of a step or steps of a patented method

(e.g., any step of the claimed method performed by a customer rather than by Broadcom directly) and establishes the manner or timing of that performance (e.g., by writing and maintaining the software that customers use to perform claim steps, and by providing instructional materials to customers on how to perform the claim steps).

91.    Not only does Broadcom infringe by supplying and maintaining Symantec VIP for its customers, on information and belief Broadcom uses Symantec VIP internally in an infringing manner.

92.    A detailed infringement analysis demonstrating how Symantec VIP practices each and every limitation of claim 1 of the '029 Patent, either literally or under the doctrine of equivalents, is provided in **Exhibit N** to the original Complaint.

93.    As a result of Broadcom's direct infringement of the '029 Patent, QuickVault has suffered monetary damages and seeks recovery in an amount adequate to compensate it for Broadcom's infringement.

**COUNT XIV:  INDIRECT INFRINGEMENT OF THE '029 PATENT**

94.    QuickVault incorporates by reference each of the above paragraphs as if fully restated herein.

95.    Broadcom's customers practice the claimed methods of the '029 Patent, such that Broadcom actively induces infringement of the '029 Patent by its

customers to whom it provides Symantec VIP under 35 U.S.C. § 271(b).  *See*

**Exhibit N**.  By utilizing Symantec VIP within their networks, including *inter alia*

by using the claimed multifactor authentication methods in their implementation of

Symantec VIP, Broadcom's customers put the invention into service, i.e., control

the system as a whole and obtain benefit from it.  Indeed, by using Symantec VIP,

Broadcom's customers benefit from each claimed component of the invention, for

example because each claimed component contributes to augmenting network

security.

96.     Broadcom has knowledge of the '029 Patent, of its infringement of the

'029 Patent, and of its customers' infringement of the '029 Patent at least as of the

service and filing of the original Complaint in this action, or at the latest as of the

service and filing of this Amended Complaint.  **Exhibit N** provides actual notice to

Broadcom that its making, use, sale, offer for sale, and/or importation of Symantec

VIP, as well as its customers' use of Symantec VIP, infringes the '029 Patent.

**Exhibit N** provides further notice to Broadcom that its making, use, sale, offer for

sale, and/or importation of Symantec VIP, as well as its customers' use of

Symantec VIP, infringes the '029 Patent.

97.     Broadcom's continued sale, testing, support, instruction and

promotion of Symantec VIP to customers and prospective customers constitute

active encouragement and instruction to infringe the '029 Patent.  For example,

Broadcom's publication of its "VIP" website (*VIP*, BROADCOM,

https://www.broadcom.com/products/identity/vip) intentionally instructs and

encourages customers to use Symantec VIP in infringing manners.  *See* **Exhibit N**.

98.     Upon information and belief, Broadcom has many end user customers

who use Symantec VIP in a manner that directly infringes with the '029 Patent.  As

a result of Broadcom's infringement and its customers' infringement of the '029

Patent, QuickVault has suffered monetary damages and seeks recovery in an

amount adequate to compensate it for Broadcom's infringement.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff QuickVault respectfully requests the following

relief:

A.     A judgment in favor of QuickVault that Broadcom has infringed,

either literally and/or under the doctrine of equivalents, each of the

Asserted Patents;

B.     An award of damages resulting from Broadcom's acts of infringement

in accordance with 35 U.S.C. § 284;

C.     That this Court order an accounting of damages incurred by

QuickVault from six years prior to the date this lawsuit was filed

through the entry of a final, non-appealable judgment;

D.      That this Court award pre- and post-judgment interest on such

        damages to QuickVault;

E.      A judgment and order finding that this is an exceptional case within

        the meaning of 35 U.S.C. § 285 and awarding to QuickVault

        reasonable attorneys' fees against Broadcom.

F.      Any and all other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

QuickVault respectfully requests a trial by jury on all issues triable thereby.


DATED this 8th day of October, 2024.

                              RESPECTFULLY SUBMITTED,

                     By:      */s/Artoush Ohanian*
                              Texas State Bar No. 24013260
                              H. Artoush Ohanian
                              OhanianIP
                              604 West 13th Street
                              Austin, Texas 78701
                              Phone: (512) 298-2005
                              Email: artoush@ohanianip.com

                              -and-

                              Steven G. Hill
                              Georgia Bar No. 354658
                              *Pro Hac Vice*
                              David K. Ludwig
                              Georgia Bar No. 616971
                              *Pro Hac Vice*
                              Hill, Kertscher & Wharton, LLP

3625 Cumberland Blvd., SE
Suite 1050
Atlanta, Georgia 30339-6406
Tel.: (770) 953-0995

Email: sgh@hkw-law.com
Email: dludwig@hkw-law.com

**_Counsel for Plaintiff QuickVault, Inc._**

## CERTIFICATE OF SERVICE

I hereby certify on this 8th day of October, 2024, I caused the foregoing document to be electronically filed with the Clerk of Court using the Court's CM/ECF system.  As such, this document was served on all counsel who are deemed to have consented to electronic service.

*/s/* H. Artoush Ohanian
H. Artoush Ohanian